UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOLDEN GOOSE S.P.A. d/b/a GOLDEN
GOOSE DELUXE BRAND,

                Plaintiff,                         20-cv-2122 (PKC)

      -against-                              ORDER


ADASHOE001, et al.,

                Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Golden Goose S.P.A. ("Golden Goose") moves for the entry of default judgment and entry of a permanent injunction against the following forty-one defendants: Adashoe001, Eternity154, Feixiang_2020, Fr003, Gdb_2020, Ggd888, Ggdb_store1, Ggdb2020, Globalpurchase98, Goodwellshop99, Jubaopen6666, Jun19842019, Kakasports, Longwei888, Lucky1866, Luxury_01, Nkshoes_7, Nkshoes_9, Outdoor_001, Passion789, Qianhong01, Qianmaoyi, Qinchuan999, Running11, Shihao123, Shoes_63, Shoes1992410, Shoes9896, Shunli_2020, Sport_standard002, Sport_standard006, Sportshoesoem, Toplilili, Twinkle65, Uggggshop2019, Whiteshoe, Whiteshoe888, Wxnnh123, Yanqi1763366, Yeezy5066 and Zhiyuan10178.[1] The motion will be granted.

        Golden Goose commenced this action on March 10, 2020, alleging that defendants sell counterfeit products bearing Golden Goose trademarks through an online marketplace called DHgate. (Docket # 1.) Also on March 10, the Court granted Golden Goose's application for a temporary restraining order and its application to effectuate service of process

---

[1] Golden Goose has filed notices of voluntary dismissal against all other defendants named in the Complaint.

by alternate means, including through electronic means.  (Docket # 30-2.)  As to service of process, the Court directed that, pursuant to Rule 4(f)(3), Fed. R. Civ. P., Golden Goose could effectuate service through the delivery of .pdf copies of the summons, complaint and temporary restraining order, or through a link to a secure website where each defendant could download .pdf copies of the same.  (Docket # 33-2 at 14.)  Service also could be effectuated by delivering a message through online platforms owned and operated by DHgate, notifying defendants of this action and providing them with a link to plaintiff's court filings.  (Id.)

On March 25, 2020, Golden Goose filed an affidavit of service stating that it had effectuated service of process on all defendants except Shoes_sg.[2]  (Docket # 7.)

Defendants are alleged to be merchants who advertise, distribute and sell counterfeit Golden Goose items through DHgate.  (Compl't ¶ 20.)  They are alleged to be located in China and to conduct business in the United States through user accounts and merchant storefronts on DHgate.  (Compl't ¶¶ 24-25.)  Their activities include marketing and shipping counterfeit products to New York.  (Compl't ¶ 25.)  The Complaint invokes personal jurisdiction pursuant to CPLR 302(a)(3).  (Compl't ¶ 3.)  The Complaint annexes at Exhibit C a 426-page exhibit reflecting screenshots of allegedly infringing activities by each defendant, including their sales listings, online "merchant storefronts" and their checkout pages displaying allegedly counterfeit Golden Goose apparel.  (Docket # 9.)

A hearing on Golden Goose's motion for a preliminary injunction was held on March 23, 2020.  No defendant appeared.  That same date, the Court issued a Preliminary Injunction Order that, among other things, enjoined defendants from manufacturing or selling counterfeit products or otherwise infringing the marks of Golden Goose.  (Docket # 6.)

---

[2] Golden Goose has since voluntarily dismissed all claims against Shoes_sg.  (Docket # 19.)

No defendant has answered or appeared.  On May 29, 2020, the Clerk of Court issued a Certificate of Default as to the forty-one defendants who are subject to this motion. (Docket # 27.)

The Court concludes that the entry of default judgment is appropriate.  The Complaint makes out a prima facie case that this Court has personal jurisdiction pursuant to CPLR 302(a)(3) and Exhibit C to the Complaint identifies allegedly infringing conduct by each defendant.  When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted.  See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  The motion for entry of default judgment is therefore granted as to liability.

Golden Goose also seeks relief in the form of a permanent injunction and an award of statutory damages.

"The party requesting permanent injunctive relief must demonstrate (1) irreparable harm . . . and (2) actual success on the merits."  Ognibene v. Parkes, 671 F.3d 174, 182 (2d Cir. 2011).  As described in the Complaint, defendant's counterfeit products are "nearly indistinguishable" from Golden Goose products and "no ordinary consumer would recognize" the differences, resulting in consumer confusion as to the counterfeits' origins.  (Compl't ¶¶ 31, 34-37.)  Further, defendants' activities threaten Golden Goose's goodwill and control over its marks and trade dress, and the nature of defendants' conduct is evidence of willfulness.  This is sufficient to demonstrated irreparable harm.  See, e.g., Really Good Stuff, LLC v. BAP Investors, L.C., 813 Fed. App'x 39, 44 (2d Cir. 2020) (consumer confusion and loss of goodwill demonstrate irreparable harm) (summary order).

A permanent injunction against defendants' infringing activities is therefore appropriate. The terms of the preliminary injunction will be adopted as a permanent injunction as to the defaulting defendants.

As to statutory damages, the Lanham Act provides for an award of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just . . . ." 15 U.S.C.A. § 1117(c)(1). Where willfulness is demonstrated, a maximum award of $2,000,000 per counterfeit mark per type of good sold may be awarded. Id. § 1117(c)(2). Golden Goose seeks an award of $100,000 against each defaulting defendant, plus post-judgment interest. It expressly urges that the Court need not conduct an inquest on damages. (Scully Dec. ¶ 34.)

"Where defendants have engaged in willful counterfeiting of the plaintiff's marks, the Court looks to the following factors, borrowed from cases under the Copyright Act, to determine the 'just' amount of statutory damages for the defaulting defendants' willful infringement: '(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright or, by analogy, trademark; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.'" Smart Study Co. v. lizhiwangluo16, 2020 WL 3639659, at *6 (S.D.N.Y. July 6, 2020) (Koeltl, J.) (quoting Coach, Inc. v. O'Brien, 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012) (Oetken, J.)). A defendant's failure to appear weighs heavily as to the sixth factor, and the sales of counterfeit items through online platforms supports an inference of a "broad scope of operations" on the first and second factors, even absent evidence of actual damages. Id. The willfulness of defendants'

conduct weighs in favor of the deterrent and punitive goals of the fourth, fifth and seventh factors. Id. On the third factor, Golden Goose has credibly alleged that is marks are valuable and well-known among a certain category of consumers, and are associated with "leading Italian high-end luxury" products. (Compl't ¶ 7.)

Given these factors, the wide range of statutory damages permissible under the Lanham Act, and the direction of section 1117 that such damages should be awarded as "the court considers just," the Court concludes that statutory damages in the amount of $75,000 per defendant is just and appropriate. This is the same figure recently recommended by Magistrate Judge Gorenstein in a similar action involving counterfeit Golden Goose products. Golden Goose Deluxe Brand v. Aadct Official Store, 2020 WL 3167031, at *5 (S.D.N.Y. June 15, 2020). It also is within the same range of damages recently awarded in similar cases. See, e.g., Spin Master, Inc. v. Amy & Benton Toys & Gifts Co., 2019 WL 464583, at *6 (S.D.N.Y. Feb. 6, 2019) ($50,000 in statutory damages for each defaulting defendant in action involving children's toys); Coach, Inc., 2012 WL 1255276, at *4 ($83,000 in statutory damages for each infringing mark). A damages award of $75,000 against each defaulting defendant is appropriate given the defendants' willfulness, the value of the Golden Goose marks, the difficulty in ascertaining actual damages in light of defendants' failure to appear, and the need to punish defendants and deter other prospective wrongdoers.

Lastly, federal statute provides for post-judgment interest "on any money judgment in a civil case recovered in a district court . . . [to] be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding the date of the judgment." 28 U.S.C. § 1961(a).  Accordingly, Golden Goose is entitled to post-judgment interest on its award of statutory damages.

CONCLUSION.

Golden Goose's motion for entry of a default judgment is GRANTED as to the following defendants: Globalpurchase98, Goodwellshop99, Jubaopen6666, Jun19842019, Kakasports, Longwei888, Lucky1866, Luxury_01, Nkshoes_7, Nkshoes_9, Outdoor_001, Passion789, Qianhong01, Qianmaoyi, Qinchuan999, Running11, Shihao123, Shoes_63, Shoes1992410, Shoes9896, Shunli_2020, Sport_standard002, Sport_standard006, Sportshoesoem, Toplilili, Twinkle65, Uggggshop2019, Whiteshoe, Whiteshoe888, Wxnnh123, Yanqi1763366, Yeezy5066 and Zhiyuan10178.

Statutory damages in the amount of $75,000 is awarded against each defaulting defendant.  Golden Goose shall be entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).  The injunctive relief set forth in the Court's Preliminary Injunction Order of March 23, 2020 shall be entered as a permanent injunction.

Within seven days, Golden Goose shall submit a Proposed Final Judgment reflecting the monetary and injunctive relief set forth above.  Plaintiffs shall separately submit a letter explaining whether there are any remaining issues in this case or whether the case ought to be closed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 16, 2020